This proceeding was instituted for the purpose of annulling an award of the Industrial Accident Commission against the petitioner, requiring it to pay to the treasurer of the state of California, for the benefit of the "subsequent injuries fund" the sum of $300. The proceeding was instituted and the award made under an amendment by the legislature of 1929 to the Workmen's Compensation, Insurance and Safety Act of 1917 (Stats. 1929, p. 420), which for the sake of brevity will be hereinafter referred to as the Workmen's Compensation Act. The *Page 211 
amendment so far as it applies to the questions presented in the present proceeding is designated as section 9 (b) (10) of the Workmen's Compensation Act, and reads in part as follows:
"(10) (a) The fact that an employee has suffered previous disability or received compensation therefor shall not preclude compensation for a later injury nor preclude compensation for death resulting therefrom; but in determining compensation for the later injury or death his average weekly wages shall be such sum as will reasonably represent his earning capacity at the time of the later injury; provided, however, that an employee who is suffering from a previous permanent disability or physical impairment and shall sustain permanent injury thereafter shall not receive compensation for a later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with or in relation to the previous disability or impairment. The employer shall not be liable for compensation to such employee for the combined disability, but only for that portion due to the later injury as though no prior disability or impairment had existed. If an employee who has previously incurred permanent disability or impairment incurs such additional permanent disability that the combined effect of such subsequent injury and previous disability or impairment shall amount to seventy per cent or more of total permanent disability as the result of any subsequent injury, as defined in this section he shall be paid in addition to the compensation for permanent partial disability hereinbefore provided, and after the cessation of the payments for the period of weeks prescribed therefor special additional compensation, which shall compensate him for the remainder of the combined disability existing after the last injury to him. Such additional compensation shall be paid out of a special fund created for such purpose in the following manner: The employer, or if insured his insurance carrier, shall pay into such special fund whenever any fatal injury is suffered within this state by an employee under such circumstances as to entitle him to the benefits of this act, but for his death, and such employee does not leave surviving him any person entitled to a death benefit as a dependent under this act the sum of three hundred dollars for each *Page 212 
such fatal injury in addition to all other payments required by said act; provided, that the total payments required of the employer under this section shall not exceed the maximum payment due from the employer under this act. All moneys payable under this section shall be paid to the state treasurer and be placed into a special fund to be known as the `subsequent injuries fund', which fund is hereby created and appropriated for the purposes set forth in this section.
"(b) The subsequent injuries fund shall be used to pay the special additional compensation provided for in this section. The Industrial Accident Commission is hereby authorized, and it shall be its duty, to administer said fund, to fix and award the amounts of special additional compensation to be paid under this section, to authorize payments from said fund to carry out the provisions of this section, and to make any orders, rules or regulations which may be necessary or convenient for the administration of said fund.
"The Industrial Accident Commission may draw upon said fund for the purposes specified in this section, and the controller is hereby authorized and directed to draw his warrant on said fund from time to time in accordance with the direction of the commission, and the treasurer is hereby authorized and directed to pay the same.
"(c) Proceedings to enforce the payment into the subsequent injuries fund, of any sum for which an employer or insurance carrier may become liable under the provisions of this section may be brought by the attorney for the Industrial Accident Commission in the name of the people of the state of California in the superior court, or municipal court, of the county, or city and county, in which such fatal injury shall have occurred or in which the defendant resides. Costs shall be allowed or not as in other cases, and if allowed for or against said commission, said costs shall be paid into or from the subsequent injuries fund in the same manner as other expenditures provided by this section. The commission's expenses of litigation shall be payable out of said fund or the general revenues of the commission.
"(d) Proceedings to enforce the liability created by this section may as an alternative remedy and without interfering with the right to proceed under the preceding subdivision *Page 213 
of this section, be instituted before the Industrial Accident Commission of its own motion or upon application of any
interested party, in the name of the people of the state of California, and such proceedings shall be tried and determined in the same manner and with the same procedure and effect as other proceedings before said commission. In any proceeding before said commission brought by any person to collect compensation benefits the commission may, if it shall appear from the evidence in said proceedings that the employer is liable under the provisions of this section, award payment of the sum of three hundred dollars herein prescribed to the subsequent injuries fund without joining the people of the state of California as a party."
The facts upon which this proceeding is predicated are, briefly stated, that one W. Pitts, while employed as a laborer on August 14, 1929, at Oakland, California, by Rex Floor Company sustained injury arising out of and occurring in the course of his employment, which injury caused the death of said employee on the same day; that at said time said employer's insurance carrier for workmen's compensation was the petitioner herein, the Commercial Casualty Insurance Company; that at the time of said injury and death said employer and employee were subject to the provisions of the Workmen's Compensation Act of 1917, and the amendments thereof; and that said W. Pitts did not leave any known dependents at the time of his injury and death.
Acting upon the purported authority conferred upon the Industrial Accident Commission, by section 9 (b) (10) (d) of said act as amended in 1929, the Industrial Accident Commission by and through its secretary filed with itself an application for adjustment of claim against the petitioner herein. At the hearing of said application said Commission found the facts as hereinbefore stated, and upon the facts so found made the award which the petitioner herein seeks to have annulled by this proceeding.
There is no dispute as to the facts and no claim is made that the Commission in the proceeding before it, which resulted in the making of said award, did not strictly follow and comply with the provisions of said section of the Workmen's Compensation Act. *Page 214 
 [1] The principal contention made by petitioner relates to the constitutionality of section 9 (b) (10) (d) of said act which purports to confer upon the Industrial Accident Commission jurisdiction to entertain proceedings and to make awards like the proceeding and award involved herein.
Petitioner relies upon the case of Yosemite Lumber Co. v.Industrial Acc. Com., 187 Cal. 774 [20 A.L.R. 994,204 P. 226], in support of the contention that the Industrial Accident Commission is without authority to entertain this proceeding. In that case this court had under consideration an act of the legislature of 1919, which purported to provide for the creation of a fund known as the "Industrial Rehabilitation Fund" (Stats. 1919, p. 273). This act provided that where a valid compensable injury was suffered by an employee leaving no dependents that the employer must pay into said fund the sum of $350. Said statute, like the statute of 1929, provided that the Industrial Accident Commission might institute proceedings before itself for the collection of said sum in the same manner as in any other industrial accident claim. The validity of the act of 1919 was attacked on the ground that the legislature was without authority to confer upon the Industrial Accident Commission jurisdiction to determine any dispute, except a dispute between an employer and his employees or the dependents of his deceased employees. The court sustained the ground of attack made by the petitioners therein, and in doing so held that the power to determine whether or not the liability imposed by the provisions of said statute existed against an employer was a judicial power; that the sole authority of the legislature to confer judicial power upon the Industrial Accident Commission was derived from section 21 of article XX of the Constitution as amended in 1918; that said section of the Constitution gave to the legislature authority to create a tribunal with judicial power to settle disputes arising between employers and their employees, or the dependents of deceased employees; that the liability imposed by said statute upon the employer was a liability, not to any of his employees or the dependents of any employees, but was a liability to the state, and the dispute, which the proceeding before the Industrial Accident Commission was brought to settle, was a dispute between the employer and the state, and *Page 215 
the court concluded its opinion on this branch of the case with the following words: "Our conclusion is that section 21 of article XX, as amended in 1918, did not authorize the legislature to impose a liability on an employer to pay money to the state for the purposes specified in the act of 1919. It follows by necessity that said section gives no authority to the legislature to confer upon the Industrial Accident Commission jurisdiction to determine any dispute that may arise concerning the liability of employers sought to be imposed by said act of 1919."
We can see no escape from the logic of this decision. That case is identical in principle with the proceeding before us. In each case the liability sought to be imposed upon the employer is not one in favor of his employee nor the dependents of any deceased employee. In each case the jurisdiction to determine this liability is attempted to be conferred upon the Industrial Accident Commission. We feel bound by this authority not only by reason of the rule of stare decisis, but on account of the manifest soundness of the decision.
Respondent further contends, however, that there is a marked difference between the objects and purpose of the statute of 1919 and those of the statute of 1929; that in the 1919 statute the fund therein provided for was to be expended for the purpose of vocational re-education and rehabilitation of persons disabled in industry in this state; that the subsequent injuries fund provided for in the amendment of 1929 is to be used for the purpose of paying special additional compensation to employees sustaining permanent disability by reason of industrial injuries, who at the time of such injuries were already partially permanently injured by reason of injuries previously received. The point made by respondent is that the 1919 legislation sought to impose a liability upon an employer, not for the purpose of compensating employees, but for their re-education and rehabilitation, while the amendment of 1929 creates a liability solely for compensating employees. Respondent concedes that the compensation provided for in the amendment of 1929 is not wholly for the employees of the particular employer upon whom the liability is imposed, and that it may be expended in payment, in part or in whole, as compensation to employees, *Page 216 
who are not, and who never had been in the service of the employer making said payment, but respondent contends that a fair and reasonable construction of section 21 of article XX of the Constitution permits legislation of this character. In this connection respondent calls to our attention the particular language of the Constitution which is in part as follows: "The legislature is hereby expressly vested with plenary power, unlimited by any provision of this Constitution, to create and enforce a complete system of workmen's compensation by appropriate legislation." Had the language of the section of the Constitution stopped with the above quotation therefrom, we would be inclined to agree with the contention of the respondent. But the above quoted words of the section are immediately followed by the additional words, "and in that behalf to create and enforce a liability on the part of any or all persons to compensate any or all of their workmen for injury or disability, and their dependents for death incurred or sustained by said workmen in the course of their employment, irrespective of the fault of any party". The above provision of this section of the Constitution, both that quoted and relied upon by the respondent and the latter part thereof which we have quoted, must be read together, as the two parts form but one complete sentence. As so read, we think that the intent of the framers thereof is clear and unambiguous, and that they intended by this amendment of the Constitution to limit the power of the legislature in enacting a Workmen's Compensation Act to provide for the compensation by the employers of their own employees, and that any legislation which exceeds these limits is beyond the power of the legislature, and, therefore, void. This same question was considered and passed upon by this court in the case of Yosemite Lumber Co. v.Industrial Acc. Com., supra, as will appear from the reading of the following excerpt therefrom:
"The first grant to the legislature by the new section is the grant of power `to create and enforce a complete system of workmen's compensation'. This does not authorize the creation of a liability on any person to pay such `compensation', or require any person to contribute funds to support the proposed system. It does not purport to touch upon the subject of liabilities. *Page 217 
"The next phrase of the new section empowers the legislature `in that behalf to create and enforce a liability on the part of any and all persons to compensate any and all of their workmen
for injury or disability, and their dependents for death incurred or sustained by the said workmen in the course of their employment'. This does not authorize the creation of a liability on the part of any person to compensate the workmen of other persons, nor the dependents of workmen of other persons. The phrase `their workmen' necessarily confines the persons to be compensated to workmen who are in the employ of the person who is made liable. This is also shown by the provision that if the workman is killed by an injury in the course of his employment, the compensation is to be made to his `dependents', thus excluding any idea of liability in such a case to provide for the welfare of workmen in general, or of a particular class of disabled workmen, in no way connected with the employer who is made liable for the particular injury."
Subsection (d), therefore, of section 9 (b) (10) of the Workmen's Compensation Act, as amended in 1929, which attempts to confer upon the Industrial Accident Commission the power to entertain this proceeding, is void beyond the power of the legislature to enact.
It does not necessarily follow, however, that the whole amendment of the act of 1929 is also unconstitutional. By the express terms of the statute enacting this amendment, it is provided that if any section, subsection, subdivision, sentence, clause or phrase of the act be held unconstitutional, such decision shall not affect the validity of the remaining portions of said act. Subsection (10) (d) of said section (9) (b) is not so related to the other portions of said section, that its invalidity will in any way affect the other portions of said section. Petitioner concedes that the first sixteen lines of section 9 (b) (10) are valid and they should be sustained by the courts. It contends, however, that all the balance of subdivision (10), and particularly subsection (c) thereof, should be declared unconstitutional by us in this proceeding. In this we cannot agree. Subsection (c) of said subdivision (10) is not before us, and whatever we might say in this proceeding in regard to its validity would be a mere expression of opinion and of no binding effect *Page 218 
hereafter. We, therefore, expressly refrain from an expression of opinion as to its constitutionality.
For the reasons hereinbefore expressed, the award of the Industrial Accident Commission against petitioner is annulled.
Richards, J., Seawell, J., Waste, C.J., Langdon, J., Preston, J., and Shenk, J., concurred.