[No. B184245. Second Dist., Div. Three. Nov. 27, 2006.]

SIX FLAGS, INC. et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD, MAC
BUNYANUNDA, as Administrator, etc., et al., Respondents.

**COUNSEL**

Pearlman, Borska and Wax and Neil D. Schwartz for Petitioners.

Milam & Larsen and Paul A. Larsen for Republic Indemnity Company of America as Amicus Curiae on behalf of Petitioners.

Sedgwick, Detert, Moran & Arnold, Christina J. Imre and Michael M. Walsh for Zenith Insurance Company and Association of California Insurance Companies as Amici Curiae on behalf of Petitioners.

Finnegan, Marks, Hampton & Theofel and Ellen Sims Langille for California Workers' Compensation Institute as Amicus Curiae on behalf of Petitioners.

No appearance for Respondent Workers' Compensation Appeals Board.

Law Office of William J. Toppi and William J. Toppi for Respondent Mac Bunyanunda, as Administrator of the Estate of Bantita Rackchamroon.

Vanessa L. Holton, Steven A. McGinty and Christine L. Harwell for Respondent State of California Department of Industrial Relations, Death Without Dependents Unit.

---

**OPINION**

**KITCHING, J.—**

## INTRODUCTION

Labor Code section 4702, subdivision (a)(6)(B),[1] provides that when a worker without dependents suffers fatal injury during the course and scope of employment, the employer must pay $250,000 to the deceased worker's *estate* as a workers' compensation death benefit. In this writ proceeding, we hold that section 4702, subdivision (a)(6)(B), is unconstitutional because the constitutional enabling provision, article XIV, section 4 of the California Constitution (article XIV, section 4),[2] does not identify estates as a class of beneficiaries entitled to workers' compensation death benefits.[3]

The former version of article XIV, section 4, which established the workers' compensation system as originally implemented in 1918 identified two classes of beneficiaries of workers' compensation benefits: (1) workers and (2) dependents.

In 1919 and 1929, the Legislature enacted legislation to include the state as a third beneficiary of workers' compensation benefits. In both instances, the

---

[1] Unless otherwise indicated, all unspecified statutory references are to the California Labor Code.

[2] In 1918, the voters approved article XX, section 21 of the California Constitution (article XX, section 21) which was the original constitutional enabling provision establishing the workers' compensation system. In 1976, article XX, section 21, was repealed and reenacted as article XIV, section 4, the provision at issue in this case.

[3] In this opinion, we address one issue, the constitutionality of section 4702, subdivision (a)(6)(B), which purports to provide a death benefit to workers' estates. We express no opinion as to the constitutionality of any other workers' compensation benefit or statute.

Legislature intended to establish a state fund to benefit workers in general. In *Yosemite Lumber Co. v. Industrial Acci. Com.* (1922) 187 Cal. 774 [204 P. 226] (*Yosemite*) and *Commercial Cas. Ins. Co. v. Indus. Acc. Com.* (1930) 211 Cal. 210 [295 P. 11] (*Commercial Cas.*), the California Supreme Court declared the statutes unconstitutional. The court held that the Legislature may not expand the classes of beneficiaries entitled to workers' compensation benefits beyond the list of beneficiaries identified in the California Constitution.

In 1972, to remedy this defect, the voters approved a constitutional amendment to designate the state as a beneficiary of workers' compensation benefits. Thus, at present, the constitutional enabling provision—article XIV, section 4—identifies three classes of beneficiaries of workers' compensation benefits: (1) workers, (2) dependents, and (3) the state.

In section 4702, subdivision (a)(6)(B), the Legislature added deceased workers' estates as a fourth class of beneficiaries of workers' compensation benefits. However, because article XIV, section 4, does not identify such estates as a class of beneficiaries entitled to workers' compensation death benefits, section 4702, subdivision (a)(6)(B), is unconstitutional pursuant to *Yosemite, supra*, 187 Cal. 774 and *Commercial Cas., supra*, 211 Cal. 210. A constitutional amendment to article XIV, section 4, adding deceased workers' estates as a class of beneficiaries entitled to workers' compensation benefits, is necessary before the Legislature is empowered to promulgate a statute awarding workers' compensation death benefits to a deceased worker's estate.

In addition, awarding workers' compensation death benefits to an estate conflicts with the underlying policy of the workers' compensation scheme, which is to provide financial support to a worker and a worker's dependents when the worker suffers job-related injury or death.

For these reasons, we find section 4702, subdivision (a)(6)(B), is unconstitutional. We therefore annul the award to the estate of the deceased employee.

## PROCEDURAL AND FACTUAL BACKGROUND

Bantita Rackchamroon, an operator hostess for Six Flags, Inc., sustained industrial injury and death on April 9, 2004. Rackchamroon died with no dependents.

On June 1, 2004, the administrator of the estate of Bantita Rackchamroon (the estate) filed an application for adjudication of a workers' compensation death benefit claim. The administrator alleged that an amusement park ride struck Rackchamroon, who suffered fatal injury in the course and scope of her employment.

In the workers' compensation proceedings, Six Flags's insurer, petitioner Pacific Employers Insurance, administered by ESIS, Inc. (Pacific), asserted that section 4702, subdivision (a)(6)(B), was unconstitutional. The workers' compensation judge, however, awarded $250,000 to the estate, payable by Pacific. Pursuant to section 4706.5, the workers' compensation judge also awarded $125,000 to the Department of Industrial Relations, Death Without Dependents Unit.

Pacific filed a petition for reconsideration. The workers' compensation judge issued a report recommending that the Workers' Compensation Appeals Board (the Board) deny the petition for reconsideration. The judge explained that workers' compensation judges do not have authority to rule on the constitutionality of statutes because article III, section 3.5 of the California Constitution prohibits an administrative agency from declaring a statute unconstitutional. (See also *Greener v. Workers' Comp. Appeals Bd.* (1993) 6 Cal.4th 1028, 1038 [5 Cal.Rptr.2d 539, 863 P.2d 784].)

Subsequently, the Board issued an order denying Pacific's petition for reconsideration. Pacific filed a petition for writ of review to contest the award to the estate.

## ISSUE PRESENTED

The issue presented is whether section 4702, subdivision (a)(6)(B), is unconstitutional because article XIV, section 4 does not include deceased workers' estates as a class of beneficiaries entitled to workers' compensation death benefits.

## DISCUSSION

*Section 4702, Subdivision (a)(6)(B), Is Unconstitutional*

1. *Article XIV, Section 4, Does Not Include Estates as a Beneficiary of Workers' Compensation Death Benefits*

The constitutional enabling provision establishing the workers' compensation scheme has remained the same since 1918 with two exceptions: (1) a 1972 amendment adding the State of California as a beneficiary entitled to workers' compensation benefits in some cases; and (2) a 1974 amendment making the provision gender neutral, changing "workmen" to "workers."

Article XIV, section 4, provides in pertinent part: "The Legislature is hereby expressly vested with plenary power, unlimited by any provision of this Constitution, to create, and enforce a complete system of workers'

compensation, by appropriate legislation, and in that behalf to create and enforce a liability on the part of any or all persons to compensate *any or all of their workers for injury or disability, and their dependents for death incurred or sustained by the said workers in the course of their employment,* irrespective of the fault of any party." (Italics added.)

Thus, at present, article XIV, section 4, does not include estates as a class of beneficiaries entitled to workers' compensation death benefits.

> 2. *The Supreme Court Declared Two Prior Statutes Unconstitutional Where the Statutes Went Beyond the Language of the Constitution*

As approved by the voters in 1918, the predecessor to article XIV, section 4, identified two classes of beneficiaries of workers' compensation benefits: (1) workers and (2) dependents. The California Supreme Court has twice declared statutes unconstitutional when the Legislature attempted to expand the class of beneficiaries of workers' compensation benefits beyond the two classes identified in the Constitution. (See *Yosemite, supra,* 187 Cal. 774; *Commercial Cas., supra,* 211 Cal. 210.)

The first case, *Yosemite,* invalidated a workers' compensation statute, enacted in 1919, which created the state as a third beneficiary of workers' compensation death benefits. The statute required employers to pay $350 to the state when a worker suffered fatal injury in the course and scope of employment and the worker left no dependents to whom a death benefit could be paid. The money was to be used for the vocational rehabilitation of workers in general. (*Yosemite, supra,* 187 Cal. at pp. 775–776.)

In 1922, the *Yosemite* court declared this statute unconstitutional. Because the predecessor to article XIV, section 4, did not identify the state as a beneficiary of workers' compensation benefits, the court held that the Legislature did not have constitutional authority to impose upon employers an obligation to contribute funds to a state fund to benefit workers in general. (*Yosemite, supra,* 187 Cal. at p. 780.)

The *Yosemite* court analyzed the statements in the pamphlet distributed to the voters when the Legislature placed the predecessor to article XIV, section 4, on the ballot. As to consideration of voter pamphlets, the *Yosemite* court explained: "It is to be assumed that the arguments prepared by the author of the amendment state fairly and with reasonable fullness the meaning of the amendment and the effect it is expected to produce." (*Yosemite, supra,* 187 Cal. at pp. 781–782.) Based upon review of the pamphlet, the court concluded that the authors of the predecessor to article XIV, section 4,

did not intend to impose upon employers an obligation to contribute funds to the state for the benefit of disabled workers in general. (*Yosemite*, at p. 782.)

The second case, *Commercial Cas.*, invalidated another workers' compensation statute, enacted in 1929, which again declared the state to be a beneficiary of workers' compensation death benefits. (*Commercial Cas.*, *supra*, 211 Cal. at p. 217.) The statute required employers to pay into a " 'subsequent injuries fund' " when an employee died in the course and scope of employment and left no dependents to whom a death benefit could be paid. (*Id.* at pp. 211–212.)

The *Commercial Cas.* court declared the 1929 statute unconstitutional. Like the 1919 statute, the 1929 statute attempted to expand the class of beneficiaries of workers' compensation benefits to include the state. As discussed above, however, the constitutional enabling provision, the predecessor to article XIV, section 4, did not identify the state as a beneficiary entitled to workers' compensation death benefits. (*Commercial Cas.*, *supra*, 211 Cal. at pp. 211–212.)

After summarizing the *Yosemite* case, the *Commercial Cas.* court explained: "We can see no escape from the logic of [the *Yosemite*] decision. That case is identical in principle with the proceeding before us. In each case the liability sought to be imposed upon the employer is not one in favor of his employee nor the dependents of any deceased employee. In each case the jurisdiction to determine this liability is attempted to be conferred upon the Industrial Accident Commission. We feel bound by this authority not only by reason of the rule of *stare decisis*, but on account of the manifest soundness of the decision." (*Commercial Cas.*, *supra*, 211 Cal. at p. 215, original italics.)

> 3. *In 1972, the People Amended the Constitution to Include the State as a Beneficiary of Workers' Compensation Death Benefits*

The predecessor to article XIV, section 4, remained unchanged until 1972, when the voters approved a constitutional amendment to resolve the issue presented in *Yosemite* and *Commercial Cas.* The constitutional amendment expressly authorized the Legislature to require employers to pay workers' compensation death benefits to the state. The amendment provided: "The Legislature shall have power to provide for the payment of an award to the state in the case of the death, arising out of and in the course of the employment, of an employee without dependents, and such awards may be used for the payment of extra compensation for subsequent injuries beyond the liability of a single employer for awards to employees of the employer." (Art. XIV, § 4.)

Passage of this constitutional amendment gave the Legislature constitutional authority to designate the state as a beneficiary of workers' compensation death benefits. In 1972, the Legislature promulgated a corresponding statute to allow workers' compensation death benefits to be awarded to the state. Section 4706.5 provides in pertinent part: "(a) Whenever any fatal injury is suffered by an employee under circumstances that would entitle the employee to compensation benefits, but for his or her death, and the employee does not leave surviving any person entitled to a dependency death benefit, the employer shall pay a sum to the Department of Industrial Relations equal to the total dependency death benefit that would be payable to a surviving spouse with no dependent minor children."

The 1972 constitutional amendment is significant. It shows that the Legislature recognized that it lacked constitutional authority to promulgate legislation to award workers' compensation death benefits to the state absent an amendment to the Constitution identifying the state as a beneficiary of such benefits. Therefore, the Legislature asked the people to amend the California Constitution to designate the state as a beneficiary of workers' compensation benefits. The court in *Travelers Ins. Co. v. Workers' Comp. Appeals Bd.* (1982) 138 Cal.App.3d 244 [187 Cal.Rptr. 838] (*Travelers*), recognized this, stating: "Escheat to the State of California of workers' compensation death benefits required a specific amendment of article XX, section 21, of the Constitution (now art. XIV, § 4), the constitutional provision authorizing the workers' compensation act." (*Travelers*, at p. 248.)

*Travelers* also explained that the 1972 ballot pamphlet distributed to voters recognized that a constitutional amendment was necessary before the Legislature could promulgate a statute awarding workers' compensation death benefits to the state. (*Travelers, supra,* 138 Cal.App.3d at p. 249.) The court quoted the 1972 voter's pamphlet: "The official title and summary in the voters pamphlet states: 'WORKMEN'S COMPENSATION. Legislative Constitutional Amendment. Gives Legislature power to provide for payment of workmen's compensation award to state on death, arising out of and in course of employment, of employee *without dependents*. Permits such awards to be used for extra subsequent injury compensation. . . .' [¶] The 'General Analysis by the Legislative Counsel' states: 'A "Yes" vote on this legislative constitutional amendment is a vote to grant the Legislature the power to provide for the payment to the state of workmen's compensation awards on the death of employees injured in the course of their employment *who have no dependents*, and to permit such awards to be used to pay extra compensation for "subsequent injuries," which is now paid from the General Fund.' " (*Travelers*, at p. 249, original italics.)

### 4. *In 2002, the Legislature Amended Section 4702 to Include Workers' Estates as a Class of Beneficiaries Entitled to Workers' Compensation Death Benefits*

In 2002, the Legislature amended section 4702 as part of a general amendment of the Labor Code. The Legislature added subdivision (a)(6) to section 4702, which originally provided that an employee's *estate* was to receive a death benefit of $250,000 for a fatal injury occurring on or after January 1, 2003, when the worker had no total or partial dependents. In 2004, the Legislature renumbered this subdivision as section 4702, subdivision (a)(6)(B), and made it effective for injuries occurring on or after January 1, 2004.[4]

▮ The Legislature promulgated subdivision (a)(6)(B) of section 4702 without presenting to the voters an amendment to article XIV, section 4, to provide constitutional authority for the Legislature to expand the classes of beneficiaries entitled to workers' compensation death benefits to include a deceased employee's estate. Article XIV, section 4, however, identifies only three classes of beneficiaries entitled to workers' compensation death benefits: (1) workers, (2) dependents, and (3) the state. Because article XIV, section 4, does not identify *estates* as a class of beneficiaries entitled to workers' compensation death benefits pursuant to *Yosemite* and *Commercial Cas.*, we hold that the Legislature was not empowered to promulgate section 4702, subdivision (a)(6)(B), which is therefore unconstitutional.

The estate responds that section 4702, subdivision (a)(6)(B), is constitutional based upon the Legislature's plenary powers to regulate workers' compensation, relying upon the following language in article XIV, section 4: "The Legislature is hereby expressly vested with *plenary power, unlimited by any provision of this Constitution*, to create, and enforce a complete system of workers' compensation, by appropriate legislation." (Italics added.) The estate concludes that because article XIV, section 4, gives the Legislature "plenary power" to create a "complete" system of workers' compensation, the Constitution empowered the Legislature to add estates by statute as a class of beneficiaries entitled to workers' compensation death benefits.

▮ Based upon *Yosemite* and *Commercial Cas.*, we reject this argument. In *Yosemite*, the Supreme Court explained that use of the word "plenary" in article XX, section 21 (the predecessor to art. XIV, § 4), did not authorize an

---

[4] When the Legislature renumbered subdivision (a)(6) of section 4702 as subdivision (a)(6)(B), the Legislature also promulgated subdivision (a)(6)(A), which provides a death benefit of $250,000 to the estate of a deceased police officer for fatal injuries occurring between January 1, 2003, and January 1, 2004, when the police officer died with no dependents.

award of workers' compensation benefits to the state. The court stated: "Nothing is added to the force of the provision by the use of the word 'plenary.' If the [L]egislature has power to do a certain thing, its power to do it is always plenary." (*Yosemite, supra,* 187 Cal. at p. 780.)

The *Commercial Cas.* court also rejected this argument. The court stated that the language of article XX, section 21, could not be read in isolation but must be considered as a whole. Examining the language of article XX, section 21, as a whole, the *Commercial Cas.* court explained: "[W]e think that the intent of the framers thereof is clear and unambiguous, and that they intended by [article XX, section 21,] to limit the power of the [L]egislature in enacting a Workmen's Compensation Act to provide for the compensation by the employers of their own employees, and that any legislation which exceeds these limits is beyond the power of the [L]egislature, and, therefore, void." (*Commercial Cas., supra,* 211 Cal. at p. 216.)

■ In *Atlantic Richfield Co. v. Workers' Comp. Appeals Bd.* (1982) 31 Cal.3d 715 [182 Cal.Rptr. 778, 644 P.2d 1257], the Supreme Court reiterated the principle that the plenary power clause of article XIV, section 4, cannot be used to expand the Legislature's power beyond the purposes set forth in the other sections of article XIV, section 4, that is, to compensate workers or their dependents if the worker dies in the course and scope of employment. The court stated: "Thus, there is precedent in this area for the proposition that the Legislature may *not* go beyond the precise terms of the constitutional enabling provisions—except, perhaps, that it may use its plenary or police powers to promote the overall purposes of the workers' compensation scheme." (*Atlantic Richfield,* at pp. 725–726, original italics.)

Based upon *Yosemite* and *Commercial Cas.,* we conclude that the Legislature in the exercise of its plenary powers to establish a complete system of workers' compensation did not have authority to expand by statute the classes of beneficiaries entitled to workers' compensation death benefits beyond the three beneficiary classes (i.e., workers, dependents, and the state), identified in article XIV, section 4.

> 5. *The Drafters of Article XX, Section 21 (the Predecessor to Art. XIV, § 4), Did Not Intend to Include Estates Within the Definition of Dependents*

In *Mathews v. Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 719 [100 Cal.Rptr. 301, 493 P.2d 1165] (*Mathews*), the Supreme Court reviewed the history of the workers' compensation constitutional enabling provision and corresponding statutes to determine whether former section 3600, subdivision (g), violated the Constitution. (*Mathews,* at pp. 728–735.) Former section

3600, subdivision (g), denied death benefits when an injury resulted from an altercation in which the injured employee was the aggressor. (*Mathews*, at pp. 725–726.)

In *Mathews*, an employee's widow argued that former section 3600, subdivision (g), was unconstitutional because article XX, section 21 (the predecessor to art. XIV, § 4) gave the Legislature the power to create a system of workers' compensation to provide benefits " 'irrespective of the fault of any party.' " The widow argued the word "fault" included intentional as well as negligent acts. (*Mathews*, *supra*, 6 Cal.3d at p. 728.)

The Supreme Court explained that the constitutional provision at issue, article XX, section 21 (now art. XIV, § 4) "was added to the Constitution . . . for the sole purpose of removing all doubts as to the constitutionality of the then existing workmen's compensation statutes." (*Mathews*, *supra*, 6 Cal.3d at pp. 734–735.) The *Mathews* court concluded that the constitutional provision could not "be read as invalidating basic features of those laws as they [had] existed since 1911." (*Id.* at p. 735.) Thus, to ascertain the meaning of the phrase " 'irrespective of the fault of any party,' " the *Mathews* court examined the workers' compensation statutes predating the 1918 constitutional enabling provision, then numbered as article XX, section 21. (6 Cal.3d 728–734.)

Specifically, the court examined (1) the Roseberry Act of 1911 (Stats. 1911, ch. 399, p. 796),[5] (2) the Boynton Act of 1913 (Stats. 1913, ch. 176, p. 279),[6] and (3) Workmen's Compensation, Insurance and Safety Act of 1917 (Stats. 1917, ch. 586, p. 832). (*Mathews*, *supra*, 6 Cal.3d at pp. 729–734.) Based upon a review of these statutes, the *Mathews* court found that the phrase " 'irrespective of the fault of any party' " was "intended only to give

---

[5] As explained by the *Mathews* court, the Roseberry Act of 1911 "established a voluntary system of [workers'] compensation." (*Matthews*, *supra*, 6 Cal.3d at p. 729.) One month after the Roseberry Act became effective, the voters approved article XX, section 21, which, in its original 1911 form, provided: " 'The legislature may by appropriate legislation create and enforce a liability on the part of all employers to compensate their employees for any injury incurred by said employees in the course of their employment irrespective of the fault of either party.' " (*Mathews*, at p. 730, italics omitted.)

[6] Because few employers voluntarily provided workers' compensation coverage under the voluntary Roseberry Act, the Legislature exercised its powers pursuant to article XX, section 21, to create compulsory workers' compensation legislation, entitled the Boynton Act. (*Mathews*, *supra*, 6 Cal.3d at p. 730.)

Then in 1917, the Legislature substantially revised the Boynton Act and promulgated the Workmen's Compensation, Insurance and Safety Act of 1917. (*Mathews*, *supra*, 6 Cal.3d at p. 731.) The same month that the Legislature enacted the Workmen's Compensation, Insurance and Safety Act of 1917, the Legislature also recommended to the voters an amendment to article XX, section 21, which they approved in 1918. (*Mathews*, at p. 733.) The 1918 version of article XX, section 21, is the predecessor constitutional provision to article XIV, section 4.

the Legislature power to grant benefits unhampered by common law tort concepts of negligence." (*Id.* at p. 728, italics omitted.) The phrase was not included in article XX, section 21, to prohibit the Legislature from preventing an award of workers' compensation benefits based upon intentional wrongdoing. (*Mathews*, at p. 728.)

Engaging in the same historical analysis as the *Mathews* court, we conclude that the statutes predating and contemporaneous with the passage of article XX, section 21 (now art. XIV, § 4), did not define the term "dependents" to include a deceased employee's estate. Section 9, subdivision (3) of the Roseberry Act of 1911;[7] section 19, subdivision (a) of the Boynton Act of 1913;[8] and section 14, subdivisions (a), (b) and (c) of the Workmen's Compensation, Insurance and Safety Act of 1917[9] each contained a definition

---

[7] Section 9, subdivision (3) of the Roseberry Act of 1911 provided in pertinent part: "The following shall be conclusively presumed to be solely and wholly dependent for support upon a deceased employee: [¶] (a) A wife upon a husband. [¶] (b) A husband upon a wife upon whose earnings he is partially or wholly dependent at the time of her death. [¶] (c) A child or children under the age of eighteen years (or over said age, but physically or mentally incapacitated from earning), upon the parent with whom he or they are living at the time of the death of such parent, there being no surviving dependent parent. . . . In all other cases questions of entire or partial dependency shall be determined in accordance with the fact, as the fact may be at the time of the death of the employee[.]" (Stats. 1911, ch. 399, § 9, pp. 800–801.)

[8] Section 19 of the Boynton Act of 1913 provided: "(a) The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee: [¶] (1) A wife upon a husband with whom she was living at the time of his death. [¶] (2) A husband upon a wife upon whose earnings he is partially or wholly dependent at the time of her death. [¶] (3) A child or children under the age of eighteen years (or over said age, but physically or mentally incapacitated from earning) upon the parent with whom he or they are living at the time of the death of such parent or for whose maintenance such parent was legally liable at the time of his death, there being no surviving dependent parent. [¶] (b) In all other cases, questions of entire or partial dependency and questions as to who constitute dependents and the extent of their dependency shall be determined in accordance with the fact, as the fact may be at the time of the death of the employee. [¶] (c) No person shall be considered a dependent of any deceased employee unless a member of the family of such employee or unless such person bears to such employee the relation[ship] of husband or wife, child, adopted child, or stepchild, father or mother, father-in-law or mother-in-law, grandfather or grandmother, brother or sister, nephew or niece." (Stats. 1913, ch. 176, § 19, pp. 289–290.)

[9] Section 14 of the Workmen's Compensation, Insurance and Safety Act of 1917 provided: "(a) The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee: [¶] (1) A wife upon a husband with whom she was living at the time of his death, or for whose support such husband was legally liable at the time of his death. [¶] (2) A child or children under the age of eighteen years, or over said age, but physically or mentally incapacitated from earning, upon the parent with whom he or they are living at the time of the death of such parent or for whose maintenance such parent was legally liable at the time of death, there being no surviving dependent parent. [¶] (b) In all other cases, questions of entire or partial dependency and questions as to who constitute dependents and the extent of their dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury of the employee. [¶] (c) No person shall be considered a dependent of any deceased

of the term "dependents." None of the statutory definitions included an employee's estate. In addition, the present definitions of "dependent" in sections 3501 to 3503, quoted below, do not include an employee's estate.

Notably, in *Harlan v. Industrial Acc. Com.* (1924) 194 Cal. 352 [228 P. 654], the Supreme Court addressed the issue of who was the dependent of a minor employee who died while employed by a farming company. The court affirmed the award made by the Industrial Accident Commission. The commission concluded that a maternal aunt, who had brought the minor child into her home and raised him as her own son, was the dependent entitled to an award of workers' compensation death benefits. The court rejected the contention that the person entitled to receive the workers' compensation death benefits should be determined according to "the rules of succession as affecting illegitimates as they existed at common law or as since modified by the statute of this state." (*Id.* at p. 364.) Quoting from a Tennessee opinion, the California Supreme Court explained: " 'The Workmen's Compensation Act is not a statute of descent or distribution. It was intended to relieve society of the burden of caring for injured workmen or the dependents of deceased workmen, and to place that burden upon the industry employing the workman. In case of the workm[a]n's death, the lawmakers were concerned for the care of his dependents, and not about the devolution of the workman's property. The dependency of the claimant is the true basis of his right to recover compensation rather than blood or marriage. Relationship is really only evidence of dependency.' " (*Ibid.*)

In addition, because the intent of the voters is relevant to determining the meaning of constitutional language (*Travelers, supra,* 138 Cal.App.3d at p. 249), we look to the voters' pamphlet distributed in 1918 in support of amending the workers' compensation constitutional provision, article XX, section 21. The voters' pamphlet, quoted in *Mathews, supra,* 6 Cal.3d at page 733, in footnote 11, gives no indication that the drafters of the article XX, section 21 (now art. XIV, § 4), intended the word "dependents" to include a deceased worker's estate.

■ Finally, constitutional language "must receive a liberal and practical common sense construction. [Citations.] Further, it should be construed in accordance with the natural and ordinary meaning of its words." (*Travelers, supra,* 138 Cal.App.3d at p. 249.) ■ Applying these rules of construction, we conclude that the term "dependents" in article XIV, section 4, does not include a deceased worker's estate.

---

employee unless in good faith a member of the family or household or such employee, or unless such person bears to such employee the relation of husband or wife, child, posthumous child, adopted child or stepchild, father or mother, father-in-law or mother-in-law, grandfather or grandmother, brother or sister, uncle or aunt, brother-in-law or sister-in-law, nephew or niece." (Stats. 1917, ch. 586, § 14, p. 844.)

## 6. *Under Present Law, Estates Are Not Dependents*

At present, sections 3501 through 3503 define "dependents." Generally, there are two types of dependents: (1) presumed dependents (minors, incapacitated adults and spouses earning $30,000 or less in the year prior to the employee's death);[10] and (2) those persons who must establish dependency based upon the facts existing at the time of death.[11] In addition, to qualify as a dependent, an individual must stand in a specified relationship to the deceased.[12]

An estate is defined in Probate Code section 353: " 'Estate' means a trust estate, a decedent's estate, a guardianship or conservatorship estate, or other property that is the subject of a donative transfer." In *Tanner v. Best* (1940) 40 Cal.App.2d 442 [104 P.2d 1084], the court explained: "The 'estate' of a decedent is not an entity known to the law. It is neither a natural nor an artificial person. It is merely a name to indicate the sum total of the assets and liabilities of a decedent, or of an incompetent, or of a bankrupt." (*Id.* at p. 445.)

In addition, a plain reading of the statute at issue in this case supports the conclusion that the Legislature knew that an estate is not a dependent. Section 4702, subdivision (a)(6)(B), only grants the estate (i.e., heirs or devisees) a workers' compensation death benefit "in the case of no total dependents and no partial dependents."

Therefore, by definition, pursuant to section 4702, payment of a death benefit to an estate does not constitute payment of a death benefit to a

---

[10] Section 3501 provides: "(a) A child under the age of 18 years, or a child of any age found by any trier of fact, whether contractual, administrative, regulatory, or judicial, to be physically or mentally incapacitated from earning, shall be conclusively presumed to be wholly dependent for support upon a deceased employee-parent with whom that child is living at the time of injury resulting in death of the parent or for whose maintenance the parent was legally liable at the time of injury resulting in death of the parent, there being no surviving totally dependent parent. [¶] (b) A spouse to whom a deceased employee is married at the time of death shall be conclusively presumed to be wholly dependent for support upon the deceased employee if the surviving spouse earned thirty thousand dollars ($30,000) or less in the twelve months immediately preceding the death."

[11] Section 3502 provides: "In all other cases, questions of entire or partial dependency and questions as to who are dependents and the extent of their dependency shall be determined in accordance with the facts as they exist at the time of the injury of the employee."

[12] Section 3503 provides: "No person is a dependent of any deceased employee unless in good faith a member of the family or household of the employee, or unless the person bears to the employee the relation of husband or wife, child, posthumous child, adopted child or stepchild, grandchild, father or mother, father-in-law or mother-in-law, grandfather or grandmother, brother or sister, uncle or aunt, brother-in-law or sister-in-law, nephew or niece."

dependent. This further supports the conclusion that as used in article XIV, section 4, the term "dependents" does not include a deceased employee's estate.

### 7. The Policy Underlying the Workers' Compensation Scheme Supports the Conclusion that Section 4702, Subdivision (a)(6)(B), Is Unconstitutional

The goal of workers' compensation is to compensate injured workers and those dependent upon them. Article XIV, section 4, provides in pertinent part: "A complete system of workers' compensation includes adequate provisions for the comfort, health and safety and general welfare of any and all workers and those dependent upon them for support to the extent of relieving from the consequences of any injury or death incurred or sustained by workers in the course of their employment[.]" (See also §§ 3202 & 3207; *Zenith Insurance Co. v. Workers' Comp. Appeals Bd.* (1981) 124 Cal.App.3d 176, 187 [176 Cal.Rptr. 920] [death benefit to serve "humanitarian purpose . . . of relieving an employee's dependents of the financial consequences of his or her death in the course of employment"]; and *Hofmeister v. Workers' Comp. Appeals Bd.* (1984) 156 Cal.App.3d 848, 853 [203 Cal.Rptr. 100].)

In contrast, a probate estate may, by will, pass the estate res or property to any designated person or entity, including persons who do not qualify as dependents under the Labor Code. Therefore, awarding a workers' compensation death benefit of $250,000 to nondependents does not further the underlying policy of the workers' compensation laws, which is to compensate workers and their dependents for a loss of earnings based upon death.

### 8. The Legislative History Supports the Conclusion that Section 4702, Subdivision (a)(6)(B), Is Unconstitutional

The Legislature established the Department of Industrial Relations, in part, "to foster, promote, and develop the welfare of the wage earners of California." (§ 50.5.) To carry out these statutory duties, the Department of Industrial Relations has a number of divisions, including the Division of Workers' Compensation. (§ 56.) The administrative director of the Division of Workers' Compensation makes annual recommendations to the Legislature and the Governor "for legislation to enhance the delivery of compensation to injured workers." (§ 111, subd. (b).) As discussed below, the Director of the Department of Industrial Relations and the Chief of the Division of Workers' Compensation twice advised the Legislature and the Governor that proposed legislation, which became section 4702, subdivision (a)(6)(B), was unconstitutional.

### a. *2001 Proposed Legislation—Assembly Bill No. 1176*

In 2001, the Department of Industrial Relations (the Department) and the Division of Workers' Compensation provided an enrolled bill report on Assembly Bill No. 1176 (2001–2002 Reg. Sess.), which bill would have amended section 4702 to add a prior version of what ultimately became subdivision (a)(6)(B).

In the enrolled bill report, the Department advised that section 4702, subdivision (a)(6)(B), was unconstitutional based upon the analysis in the *Yosemite* case. (Dept. of Industrial Relations, Enrolled Bill Rep. on Assem. Bill No. 1176 (2001–2002 Reg. Sess.).) The report stated that "[p]roviding for an award of death benefits to a deceased worker's parents or beneficiaries without requiring any actual dependency would substitute familial relationship for dependency, and violates the express provisions of Article 14, § 4." (Dept. of Industrial Relations, Enrolled Bill Rep. on Assem. Bill No. 1176 (2001–2002 Reg. Sess.) p. 11.)

The Department also quoted in its enrolled bill report the Legislative Counsel's prior statements concerning a statute similar to section 4702, subdivision (a)(6)(B), which the Legislature considered in 1998: "[The bill] would . . . provide death benefits to a person designated by the deceased employee regardless of whether that person was dependent upon the decedent for support. . . . [T]his would not be permitted under Section 4 of Article XIV of the California Constitution . . . . [¶] [I]t is our opinion that [A.B.] 1732 of the 1997–98 Regular Session, as amended . . . , if enacted, would violate Section 4 of Article XIV of the California Constitution by authorizing the payment of workers' compensation death benefits to a beneficiary designated by the decedent, without regard to whether that person is a dependent of the decedent[.]" (Dept. of Industrial Relations, Enrolled Bill Rep. on Assem. Bill No. 1176 (2001–2002 Reg. Sess.) p. 11, quoting Ops. Cal. Legis. Counsel, No. 13279 (June 18, 1998) Workers' Compensation (Assem. Bill No. 1732) (1997–1998 Reg. Sess.).)

In its enrolled bill report, the Department recommended to the Governor that he veto Assembly Bill No. 1176. In October 2001, the Governor vetoed the bill.

### b. *2002 Legislation—Assembly Bill No. 749*

Nevertheless, despite the foregoing statements by the Department in 2002, the Legislature promulgated and the Governor approved Assembly Bill

No. 749 (2001–2002 Reg. Sess.), which amended section 4702 to add subdivision (a)(6), the predecessor to subdivision (a)(6)(B), the statute at issue in this case.

### c. *2002 Legislation—Assembly Bill No. 486*

In 2002, the Legislature began work on Assembly Bill No. 486 (2001–2002 Reg. Sess.), which was intended, in part, to delay implementation of the former version of section 4702, subdivision (a)(6)(B), for one year, to become effective for injuries occurring after January 1, 2004. The Department provided an enrolled bill report on Assembly Bill No. 486. Despite recommending that the Governor sign the bill, the Department reiterated that section 4702, subdivision (a)(6)(B), was unconstitutional based upon the analysis in *Yosemite*. (Dept. of Industrial Relations, Enrolled Bill Rep. on Assem. Bill No. 486 (2001–2002 Reg. Sess.) p. 13.) The Department also reiterated the concerns of the Legislative Counsel in relation to the similar statute, which the Legislature considered in 1998. (Dept. of Industrial Relations, Enrolled Bill Rep. on Assem. Bill No. 486 (2001–2002 Reg. Sess.) p. 14, quoting Ops. Cal. Legis. Counsel, No. 13279 (June 18, 1998) Workers' Compensation (Assem. Bill. No. 1732) (1997–1998 Reg. Sess.).)

The Department advised: "Postponing by one year the effective date of the provision that provides for the payment of the maximum death benefit to the estate of a deceased employee in the case of no total dependents and no partial dependents does not eliminate that provision's constitutional conflict." (Dept. of Industrial Relations, Enrolled Bill Rep. on Assem. Bill No. 486 (2001–2002 Reg. Sess.) p. 13.)

The Department concluded its analysis of Assembly Bill No. 486, stating: "Due to the constitutional issues related to this provision, which were shared with the bill sponsors, the Director of the Department of Industrial Relations may have to implement an arguably unconstitutional statutory scheme, or challenge it in the courts." (Dept. of Industrial Relations, Enrolled Bill Rep. on Assem. Bill No. 486 (2001–2002 Reg. Sess.) p. 14.)

The legislative history gives no indication as to why the Legislature or the Governor rejected the opinions of the Department, as well as those of the Legislative Counsel, that section 4702, subdivision (a)(6)(B), was unconstitutional. In any event, the opinions of the Department and the Legislative Counsel support the conclusion that section 4702, subdivision (a)(6)(B), is unconstitutional because deceased workers' estates are not identified in article XIV, section 4 as a class of beneficiaries entitled to workers' compensation death benefits.

## DISPOSITION

The petition for writ of review is granted in part and denied in part. We annul the award of $250,000 to the estate of Rackchamroon. We affirm the award of $125,000 to the state.

Klein, P. J., and Croskey, J., concurred.