[Civ. No. 49198. Second Dist., Div. Four. Aug. 9, 1976.]

WM. BRYAN OSBORNE, Plaintiff and Appellant, v.
ROBERT LaFONT et al., Defendants and Respondents.

**COUNSEL**

Wm. Bryan Osborne, in pro. per., for Plaintiff and Appellant.

Allen, Wilson, George & Edgmon, Hitt & Murray, Zugsmith & Simpson and Thomas R. Simpson for Defendants and Respondents.

**OPINION**

**FILES, P. J.—** This election contest appeal raises the single question whether Government Code section 71701, requiring that a justice court judge "shall at the time of his selection be a resident of the county," repealed by implication the provision in Government Code section 71140 that judges of a justice court "shall be residents eligible to vote in the judicial district . . . for a period of at least 54 days . . . ." We have concluded that section 71701 controls, and that an attorney who does not reside in the district may be selected if he resides in the county.

At the June 8, 1976, election in the Catalina Judicial District of Los Angeles County defendant Robert LaFont received a majority of the votes cast for the office of judge. The incumbent, contestant Wm. Bryan Osborne, received the second highest number of votes. Contestant then commenced this proceeding in the superior court. As his ground of contest, contestant alleged that defendant was ineligible for the office in that he had not been a resident of the judicial district for a period of 54 days prior to June 8, 1976. The superior court granted the motion of defendant LaFont for judgment on the pleadings and gave judgment for defendants upon the ground that the contestant had not stated a ground of contest. From that judgment, contestant has appealed.

The requirement of residency in the judicial district, as set forth in Government Code section 71140, was in effect for many years prior to 1975.[1]

On August 14, 1974, the California Supreme Court handed down its opinion in *Gordon v. Justice Court*, 12 Cal.3d 323 [115 Cal.Rptr. 632, 525 P.2d 72], holding that, in criminal cases in which the defendant was charged with an offense carrying a possible jail sentence, the use of a nonattorney judge was a violation of due process of law unless the defendant consented thereto. At the time that opinion was filed there were in California 127 single-judge justice courts presided over by nonattorney judges.

To meet the conditions which would arise when the *Gordon* decision became final,[2] the 1974 Legislature then added several new sections to the Government Code, one of which was section 71701.

The full text of that new section is as follows: "On and after January 7, 1975, each justice court vacancy shall be filled by an attorney judge who shall at the time of his selection be a resident of the county."

This section was adopted for the purpose of phasing out nonattorney judges by requiring that all future vacancies be filled by attorneys. (See *Eu v. Chacon* (1976) 16 Cal.3d 465, 470 [128 Cal.Rptr. 1, 546 P.2d 289].) In furtherance of that purpose, the Legislature defined eligibility in terms of residence in the county, thereby broadening the base from which the attorney judges might be selected. We are not aware of any published compilation of the number of attorneys who were residents of the 127 judicial districts which had only nonattorney judges, but we take judicial notice that many of those districts are sparsely populated, rural and remote from the centers of business and population where attorneys are likely to be found. In the *Gordon* opinion the Supreme Court alluded

---

[1] The pertinent language of Government Code section 71140 is as follows: "The judges of a municipal court and the judges, constables, and deputy constables of a justice court shall be residents eligible to vote in the judicial district or city and county in which they are elected or appointed for a period of at least 54 days prior to the date of their election or appointment. . . ."
Government Code sections 71140.2 and 71140.3 have made exceptions for municipal court judges in certain counties.

[2] The circumstances following the *Gordon* opinion, leading to the 1974 legislative action, are detailed in Judicial Council of California Annual Reports for January 1, 1975, at page 35, and for January 1, 1976, at page 78.

to that condition in these words: "It has been suggested that our holding could cause serious practical problems in view of the asserted scarcity of attorney judges in certain rural areas throughout this state. We recognize that there will be problems and have sought to minimize them to the extent constitutionally possible." (12 Cal.3d at p. 333.)

In order to minimize one such problem the Legislature determined that, after January 7, 1975, justice court judges might be selected from among attorneys residing anywhere in the county.[3]

On May 23, 1975, the California Attorney General, in Opinion No. CV 75-28, 58 Ops. Cal.Atty.Gen. 368, 369, stated his conclusion as follows: "Government Code section 71701 repeals Government Code section 71140 by implication insofar as Government Code 71140 purports to control residency requirements for justice court judges."

The contestant's brief argues that the language of section 71701 is not literally in conflict with section 71140 because a judge who is a resident of the district is necessarily a resident of the county. Contestant asserts that the Legislature had no reason to change the residency requirement, and suggests that the reference to county residence in section 71701 should be regarded as an inadvertent redundancy. But when consideration is given to the purpose of the 1974 enactment as a whole, the reason for relaxing the residency qualification is apparent. Read in this light, the statement of judicial qualifications in section 71701 is in conflict with section 71140, and the newer section must be given effect.

The judgment is affirmed.

Kingsley, J., and Dunn, J., concurred.

A petition for a rehearing was denied August 26, 1976, and appellant's petition for a hearing by the Supreme Court was denied October 21, 1976.

---

[3]At oral argument, the parties agreed that Mr. LaFont is, and for more than the period of the 54-day residence requirement of Government Code section 71140 had been, a resident of Los Angeles County eligible to vote therein. In view of that fact, it is unnecessary for us, in the case at bench, to determine whether that 54-day residence requirement is still of any validity.