TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 95-903 |
| of | : | |
| | : | June 20, 1996 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| MAXINE P. CUTLER | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE DELAINE EASTIN, SUPERINTENDENT OF PUBLIC INSTRUCTION, has requested an opinion of the following question:

Does a county superintendent of schools have the authority to select the speakers and materials to be presented at a teacher institute conducted by the county superintendent of schools for the professional development of teachers employed by a local school district in the county?

CONCLUSION

A county superintendent of schools has the authority to select the speakers and materials to be presented at a teacher institute conducted by the county superintendent of schools for the professional development of teachers employed by a local school district in the county.

ANALYSIS

A person may be elected to the office of county superintendent of schools ("superintendent") or may be appointed to the office by the county board of education ("county board"), as determined by a majority vote of the electors of the county. (Cal. Const., art. IX, § 3; Ed. Code, § 1206.)[1] A superintendent has the general responsibility of supervising the schools of the county. (§

_____

[1] All section references are to the Education Code unless otherwise specified.

1.                                                                                          95-903

1240.)  The question to be resolved is whether a superintendent has the authority to choose the speakers and materials for teacher institutes conducted by him or her.  We conclude that it would be the superintendent's responsibility to make the selections.

The focus of our inquiry is upon section 1278.  It provides:  "The superintendent of schools of each county may conduct teacher institutes on behalf of the school districts in the county."  Does the authority to "conduct" a teacher institute include choosing the speakers and materials to be presented?

In analyzing the language of section 1278, we rely on established principles of statutory interpretation.  "In construing a statute, our principal task is to ascertain the intent of the Legislature." (*Yoshisato* v. *Superior Court* (1992) 2 Cal.4th 978, 989.)  "In determining intent, we look first to the language of the statute, giving effect to its `plain meaning.'"  (*Kimmel* v. *Goland* (1990) 51 Cal.3d 202, 208-209.)  "`[C]ourts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions.'"  (*Wells Fargo Bank* v. *Superior Court* (1991) 53 Cal.3d 1082, 1097.)  "[A] court . . . will not readily imply an unreasonable legislative purpose," but rather "a practical construction is preferred."  (*California Correctional Peace Officers Assn.* v. *State Personnel Bd.* (1995) 10 Cal.4th 1133, 1147.)  "It is well settled that statutes should be construed in harmony with other statutes on the same general subject."  (*Building Material & Construction Teamsters' Union* v. *Farrell* (1986) 41 Cal.3d 651, 665.)  "Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent."  (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.)

The language of section 1278 is plain and unambiguous.  The Legislature has given superintendents the authority to conduct teacher institutes.  "Conduct" in this context commonly means "to have the direction of:  run, manage, direct."  (Webster's Third Internat. Dict. (1971) p. 474.)  Management of a teacher institute would reasonably include choosing the speakers and materials to be presented.

While the teacher institutes are to be conducted "on behalf of the school districts in the county," such language of section 1278 does not confer authority upon local school boards to choose the speakers and materials to be presented.  The phrase "on behalf of" commonly means "in the interest of . . . for the benefit of."  (Webster's, *supra*, p. 198.)

Nothing in section 1278 thus suggests that an official or entity other than the superintendent is to choose the speakers and materials for teacher institutes.  If any doubt existed with respect to the statutory language, we need only examine its legislative history.  At the time section 1278 was enacted in 1987, the Legislature repealed section 1930.  (Stats. 1987, ch. 1452, §§ 23, 27.)  Former section 1930 provided:  "The county superintendent of schools may, with the approval of the county board of education, hold an annual teacher's institute in each year as provided in Sections 10300 to 10319, inclusive."[2]  Accordingly, at one time a superintendent was required to obtain the approval

_____

[2] Former sections 10300 and 10319, now repealed, authorized the superintendent to hold annual teacher institutes, other local institutes, and in-service meetings.

of the county board to hold teacher institutes.  This requirement was removed with the enactment of section 1278.  "We presume the Legislature intends to change the meaning of a law when it alters the statutory language (*Eu* v. *Chacon* (1976) 16 Cal.3d 465, 470), as for example when it deletes express provisions of the prior version (*People* v. *Valentine* (1946) 28 Cal.2d 121, 142)."  (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 461.)

We have not been apprised of any statute indicating that the superintendent lacks the authority to choose the speakers and materials to be presented at teacher institutes.  Indeed, an examination of the Education Code as a whole discloses several provisions, in distinct contrast to section 1278, which require "outside" approval of specified programs conducted by the superintendent.  For example, section 1260 states:

"The county superintendent of schools, with the approval of the county board of education, may:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(e) Provide in-service programs and coordinative services for any school or community college district governing board or governing board association in the territory under the jurisdiction of the county superintendent of schools."[3]

While section 1260 does not give a county board the authority to choose the speakers and materials to be presented at an in-service program, it does allow the county board to withhold approval of such a program based upon the selections made by the superintendent.

The provisions of section 1260, as well as of other statutes (see, e.g., §§ 1250, 1703, 1900, 1920-1923), demonstrate that the Legislature knows how to give approval authority to some other official or entity when authorizing the superintendent to conduct a specific program.  "When the Legislature `has employed a term or phrase in one place and excluded it in another, it should not be implied where excluded.' (*Phillips* v. *San Luis Obispo County Dept. etc. Regulation* (1986) 183 Cal.App.3d 372, 379; see also *People* v. *Drake* (1977) 19 Cal.3d 749, 755.)"  (*Pasadena Police Officers Assn.* v. *City of Pasadena* (1990) 51 Cal.3d 564, 576.)  "`Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed.'"  (*City of Port Hueneme* v. *City of Oxnard* (1959) 52 Cal.2d 385, 395; accord, *Committee of Seven Thousand* v. *Superior Court* (1988) 45 Cal.3d 491, 507.)  In various contexts, the courts have refused to find an *implied* grant of

---

[3] "In-service programs" primarily offer education and training other than to meet state teachers certification qualifications.  California Code of Regulations, title 5, section 13025, subdivision (i) provides:

"Inservice training is the education and training of teachers and other school personnel who are employees of a local educational agency and require no additional training or education to meet state teachers certification qualifications.  Exceptions are made for personnel who have intern status and who need additional course work and training to meet state certification requirements for the standard teaching credentials."

authority where the Legislature has demonstrated "that it knows how to grant . . . power when it wishes to do so."  (*Safer* v. *Superior Court* (1975) 15 Cal.3d 230, 237-238; see *Board of Trustees* v. *Judge* (1975) 50 Cal.App.3d 920, 927; 73 Ops.Cal.Atty.Gen. 13, 23 (1990).)

The superintendent is the only person authorized to choose the speakers and materials to be presented at teacher institutes under the terms of section 1278.  "`"`In the grants [of powers] and in the regulation of the mode or exercise, there is an implied negative; an implication that no other than the expressly granted power passes by the grant; that it is to be exercised only in the prescribed mode . . . .""  [Citations.]"  (*In re Fain* (1983) 145 Cal.App.3d 540, 550; see also *Salazar* v. *Eastin* (1995) 9 Cal.4th 836, 856-860 [State Board of Education may not adopt regulations defining "indigence" for home-to-school transportation since the Legislature specifically gave such authority to local school districts].)[4]

We conclude that a superintendent has the authority to select the speakers and materials to be presented at a teacher institute conducted by him or her for the professional development of teachers employed by a local school district in the county.

* * * * *

---

[4] The fact that a county board may adopt "regulations governing the administration of the office of the county superintendent of schools" (§ 1042, subd. (a)) does not give the county board either the authority to select the speakers and materials to be presented at teacher institutes or the authority to approve the superintendent's selection of such speakers and materials.